M. Jonathan Hayes (Bar No. 90388)
Matthew D. Resnik (Bar No. 182562)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
jhayes@RHMFirm.com
matt@RHMFirm.com

*Proposed Attorneys for Debtor*
Pacific Panorama LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:21-bk-15239-WB |
| | Chapter 11 |
| PACIFIC PANORAMA LLC, | **APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY RESNIK HAYES MORADI LLP AS ITS GENERAL BANKRUPTCY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SHLOMY WEINGARTEN AND M. JONATHAN HAYES IN SUPPORT THEREOF** |
| Debtor. | *(No hearing required pursuant to LBR 9013-1(o))* |

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE; OFFICE OF THE UNITED STATES TRUSTEE; AND ALL CREDITORS AND PARTIES IN INTEREST:**

Pacific Panorama LLC, Debtor and Debtor-in-Possession in the above captioned case, hereby applies to this Court to employ Resnik Hayes Moradi LLP as its general

**APPLICATION TO EMPLOY GENERAL COUNSEL**

RESNIK HAYES
MORADI LLP

bankruptcy counsel, as of the petition date of June 28, 2021, with compensation pursuant to §§330 and 331, and respectfully represents as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   <u>STATEMENT OF FACTS</u>

*A. Introduction*

The Debtor is a limited liability company formed in Nevada on September 16, 2003.  The Debtor is also registered as a foreign limited liability company in California. The Debtor is managed by its managing members, Shlomy Weingarten, Revital Weingarten and Bruce Delan.  The Debtor owns the real property located at 17000 W. Sunset Blvd., Pacific Palisades, CA 90272[1].  The Property is a single family residence with four bedrooms and two bathrooms built in 1949.

The Property is encumbered by the following liens:

i.      Wells Fargo Bank/ Select Portfolio Services, $8.0 million;

ii.     Amalgamated Bank, $1,980,000;

iii.    VCM Global Asset Management, LTD, $300,000.

The Debtor filed this chapter 11 case on June 28, 2021, to stop a non-judicial foreclosure sale on the real property by second priority lienholder Amalgamated Bank. The sale was scheduled for June 29, 2021.

Debtor wishes to employ the Firm as its general bankruptcy counsel in accordance with the terms of the legal services retainer agreement ("Retainer Agreement") which is attached hereto as **<u>Exhibit "A."</u>**

///

///

///

---

[1] The complete parcel number is *4415-021-001*.

RESNIK HAYES
MORADI LLP

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

*B. Basis for Retention of Firm*

Debtor requires the services of the Firm to render the following types of professional services relating to this Chapter 11 proceeding:

- Advice and assistance regarding compliance with the requirements of the United States Trustee ("UST");

- Advice regarding matters of bankruptcy law, including the rights and remedies of the Debtor in regard to its assets and with respect to the claims of creditors;

- Advice regarding cash collateral matters, if any;

- To conduct examinations of witnesses, claimants or adverse parties and to prepare and assist in the preparation of reports, accounts and pleadings;

- Advice concerning the requirements of the Bankruptcy Code and applicable rules;

- To assist with the negotiation, formulation, confirmation and implementation of a Chapter 11 plan of reorganization; and

- To make any appearances in the Bankruptcy Court on behalf of the Debtor; and to take such other action and to perform such other services as the Debtor may require.

///
///
///
///
///
///
///
///
///

**RESNIK HAYES
MORADI LLP**

3

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

1

2

## II.  **ARGUMENT**

3

*A.  The Firm is Qualified to Represent Debtor in this Case*

4

As set forth in the Firm's resume, a true and correct copy of which is attached

5

hereto as **Exhibit "B,"** the Firm has extensive experience in Chapter 11 cases and is

6

therefore well-qualified to represent the Debtor in proceedings of this nature.

7

As set forth in detail in Mr. Hayes' declaration, no person in the Firm holds any

8

interest in, nor is any person materially adverse to the Debtor, and thus the Firm constitutes

9

a disinterested person as contemplated by 11 U.S.C. §327 and defined in §101(14) of the

10

*Bankruptcy Code*.  The Firm is not a creditor of the estate and is not owed any funds by the

11

Debtor.

12

The Firm has not in the past represented the Debtor, its principals, insiders, or

13

affiliates, and has no plans to represent any other related debtors, principles, insiders, or

14

affiliates.

15

To the best of Mr. Hayes and the other members of the Firm's knowledge, no

16

person in the Firm has any relationship or connection with the Debtor's creditors or other

17

parties in interest or respective attorneys or accountants except as set forth herein.

18

19

*B.  Retainer, Draw-down Thereof and Future Compensation*

20

As set forth in the Retainer Agreement, Debtor agreed to pay the Firm an initial

21

retainer of $50,000.00 for its representation of the Debtor in this case. As set forth in the

22

attached declaration of Debtor's manager, the funds came from the Debtor's account.

23

Those funds came from a prepetition loan to the Debtor from VCM Global Asset

24

Management, LTD, $300,000.

25

The Firm does not represent the Weingartens in this matter personally and never

26

has.  The Firm does not represent VCM Global Asset Management, LTD and never has.

27

28

**4**

**APPLICATION TO EMPLOY**
**GENERAL COUNSEL**

At the time of filing the petition, the Firm withdrew $14,028.50 from the trust account for prepetition work which included meeting with Mr. and Mrs. Weingarten to discuss a potential bankruptcy filing, reviewing some of the pleadings from the pending litigation and getting the petition and an early draft of the schedules prepared.

The Firm requests permission to draw down on the retainer each month pursuant to the rules of the U.S. Trustee ("UST"): Guide to Application for Retainers and Professional and Insider Compensation.

The Firm will render services to the Debtor at its regular hourly rates, which may be subject to adjustment from time to time, and the Firm understands that its compensation in this case is subject to approval of this Court.

The Firm intends to apply to this Court for compensation and reimbursement for fees incurred and costs advanced in conformity with 11 U.S.C. §§ 330 and 331. The Firm will file interim fee applications no more often than every one-hundred and twenty (120) days.  No additional compensation will be paid to the Firm postpetition by the Debtor, or any other party, except upon application to and approval by the Court.

At the conclusion of this proceeding, the Firm will file an appropriate application seeking allowance of *all* fees and costs, regardless of whether interim compensation has been paid.  Upon allowance of such fees and costs, Debtor will pay the Firm the difference between the amounts allowed and any interim compensation paid.

The Firm is experienced in bankruptcy proceedings and is willing to accept as compensation such amount as may hereafter be allowed by this Court.

C. *Notice of this Application.*

Pursuant to *Local Bankruptcy Rule* 2014-1, a *NOTICE OF APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY RESNIK HAYES MORADI LLP AS ITS GENERAL BANKRUPTCY COUNSEL* will be served concurrently with this Application on all interested parties, as required.

**RESNIK HAYES
MORADI LLP**

**5**

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

1

2    ### III.    <u>CONCLUSION</u>

3    **WHEREFORE**, Debtor respectfully requests to be authorized, based upon the

4    foregoing and pursuant to 11 U.S.C. § 327 and Rule 2014(a) of Federal Rules of

5    Bankruptcy Procedure, to employ Resnik Hayes Moradi LLP as its general bankruptcy

6    counsel, as of the petition date of June 28, 2021, with compensation pursuant to §§330 and

7    331, or upon modified terms as the Court may deem just and proper, and to draw down on

8    the retainer each month pursuant to the rules of the U.S. Trustee ("UST"): Guide to

9    Application for Retainers and Professional and Insider Compensation.

10

11

12    Dated: July 12, 2021                    **RESNIK HAYES MORADI LLP**

13

14                                           **By:**    **/s/ M. Jonathan Hayes**

15                                           **M. Jonathan Hayes**
                                             **Matthew D. Resnik**
                                             *Proposed Attorneys for Debtor*
16                                           Pacific Panorama LLC

17

18

19

20

21

22

23

24

25

26

27

28

**6**

**RESNIK HAYES
MORADI LLP**

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

# DECLARATION OF M. JONATHAN HAYES

I, M. Jonathan Hayes, declare as follows:

1.  I am an attorney at law licensed in the State of California and authorized to practice before the District Courts in the Central District of California, and before this Court.  I am over the age of eighteen (18).  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true. I am counsel of record for the Debtor herein. I am a partner at Resnik Hayes Moradi LLP (the "Firm").

2.  Debtor and the Firm have entered into a legal services retainer agreement ("Retainer Agreement"), a true and correct copy of which is attached hereto as **Exhibit "A."**

3.  As set forth in the Retainer Agreement, the Debtor paid the Firm an initial retainer of $50,000.00.  The retainer fee was paid by the Debtor and the funds were deposited into the Firm's client trust account.  At the time of filing the petition, the Firm withdrew $14,028.50 from the trust account which included fees for the work done getting the petition prepared and the filing fee.

4.  Neither the Firm nor I have in the past represented the Debtor, its principals, insiders, or affiliates, and have no plans to represent any other related debtors, principles, insiders, or affiliates.

5.  Neither the Firm nor I have any relationship or connection with the Debtor's creditors or other parties in interest or respective attorneys or accountants except as set forth herein.

8.  Neither the Firm nor I have any connection with the UST, persons employed by the UST, persons employed by the Bankruptcy Court or a Bankruptcy Judge, or any of

RESNIK HAYES
MORADI LLP

APPLICATION TO EMPLOY
GENERAL COUNSEL

their respective attorneys or accountants. No person at the Firm is a relative of the UST or a Bankruptcy Judge.

9.      The Firm and I are "disinterested persons" within the meaning of 11 U.S.C. §101.

10.      Neither the Firm nor I have ever been an investment banker for the security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of any security of the Debtor.

11.      Neither the Firm nor I have ever been an equity security holder, insider, director, officer, or employee of the Debtor.

12.      The Firm and I do not hold or represent an interest adverse to the estate.

13.      The Firm and I do not hold any prepetition claim against the estate.

14.      The Firm and I have not made any arrangements for the sharing of fees with any other person or entity.

15.      Neither the Firm nor I request any lien on any retainer received in this case or on any property of the estate.

16.      As set forth in the Firm's resume, a true and correct copy of which is attached hereto as **Exhibit "B,"** the Firm has extensive experience in Chapter 11 cases and is therefore well-qualified to represent the Debtor in proceedings of this nature.

17.      I understand that any compensation to be received hereafter by the Firm is subject to approval by this Court, upon appropriate application and hearing.  We intend to file interim fee applications for allowance of fees and reimbursement of costs advanced as and when appropriate.

18.      The Firm and I will comply with the Guide to Application for Retainers and Professional and Insider Compensation promulgated by the UST, as well as any other applicable employment guidelines and fee guidelines in withdrawing prepetition postpetition retainer funds.

**8**

**RESNIK HAYES
MORADI LLP**

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

19.     At the conclusion of this proceeding, the Firm will file an appropriate application seeking allowance of all fees and costs, regardless of whether interim compensation has been paid.

20.     The Firm is experienced in bankruptcy proceedings and is willing to accept as compensation such amount as may hereafter be allowed by this Court.

21.     I will be primarily responsible for this case.

22.     Pursuant to *Local Bankruptcy Rule* 2014-1, I will mail a copy of a *NOTICE OF APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY RESNIK HAYES MORADI LLP AS ITS GENERAL BANKRUPTCY COUNSEL* on all interested parties as required.


Executed on July 5, 2021, at Northridge, California.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/  **M. Jonathan Hayes**

M. Jonathan Hayes

**9**

**RESNIK HAYES
MORADI LLP**

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

## DECLARATION OF SHLOMY WEINGARTEN

I, SHLOMY WEINGARTEN, declare as follows:

1.     I am the Manager of Pacific Panorama LLC the Debtor in this case ("Debtor"). I am over the age of eighteen (18).  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.     Debtor filed this case on June 28, 2021.

3.     The Debtor is a limited liability company formed in Nevada on September 16, 2003.  The Debtor is also registered as a foreign limited liability company in California.

4.     Debtor wishes to employ the Firm as its general bankruptcy counsel in accordance with the terms of the legal services retainer agreement ("Retainer Agreement"), a true and correct copy of which is attached hereto as **Exhibit "A."**

5.     As set forth in the Retainer Agreement, Debtor agreed to pay the Firm an initial retainer of $50,000.00 for its representation of the Debtor in this case. Those funds came from a prepetition loan to the Debtor from VCM Global Asset Management, LTD, $300,000.

6.     I understand that the Firm does not represent my wife or I personally in any way.  I understand that I am not the Firm's client.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 12, 2021, at _____, California.

By:  SEE NEXT PAGE
_____
Shlomy Weingarten

**RESNIK HAYES
MORADI LLP**

1

## DECLARATION OF SHLOMY WEINGARTEN

I, SHLOMY WEINGARTEN, declare as follows:

1.      I am the Manager of Pacific Panorama LLC the Debtor in this case ("Debtor"). I am over the age of eighteen (18).  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.      Debtor filed this case on June 28, 2021.

3.      The Debtor is a limited liability company formed in Nevada on September 16, 2003.  The Debtor is also registered as a foreign limited liability company in California.

4.      Debtor wishes to employ the Firm as its general bankruptcy counsel in accordance with the terms of the legal services retainer agreement ("Retainer Agreement"), a true and correct copy of which is attached hereto as **Exhibit "A."**

5.      As set forth in the Retainer Agreement, Debtor agreed to pay the Firm an initial retainer of $50,000.00 for its representation of the Debtor in this case. Those funds came from a prepetition loan to the Debtor from VCM Global Asset Management, LTD, $300,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 15, 2021, at ___L.A.___, California.

By: _____

Shlomy Weingarten
*Declarant*

**RESNIK HAYES
MORADI LLP**

1

# EXHIBIT A

# RESNIK HAYES MORADI LLP
## ATTORNEYS AT LAW

Matthew D. Resnik*
M. Jonathan Hayes*
Roksana D. Moradi-Brovia *

_____

* Certified Bankruptcy
Specialist, State Bar of
California

**17609 VENTURA BOULEVARD
SUITE 314
ENCINO, CALIFORNIA 91316
Telephone: (213) 572-0800
Facsimile: (818) 855-7013**

Russell J. Stong, III*
David M. Kritzer
W. Sloan Youkstetter
Pardis Akhavan
Boshra Khoder

Of Counsel
Christopher J. Langley

June 7, 2021

**Pacific Panorama LLC
A Nevada Corporation**
*c/o Sol Weingarten, Managing Member*
17000 Sunset Boulevard
Pacific Palisades, California

       **Re:**    Chapter 11 Retainer Agreement

Dear Mr. Weingarten,

      This letter confirms the agreement of this Firm to perform bankruptcy services for PACIFIC PANORAMA (the "LLC"). The firm will represent the LLC in a Chapter 11 bankruptcy case which we will likely file in the next day or so. The Firm does not and will not represent any insider of the LLC as further set forth below.

## I.    **INTRODUCTION**

    A.  <u>Our Duties to You</u>

      The Firm will act as the LLC's reorganization counsel, and, in such connection, will render such ordinary and necessary legal services as may be required in connection with the case under Chapter 11 of the Bankruptcy Code in the Central District of California. The services include preparing, and amending if necessary, the bankruptcy schedules; preparing and filing pleadings as necessary; advising the LLC with respect to matters concerning executory contracts and leases, cash collateral, creditors' claims and negotiation; assisting the LLC in the preparation and confirmation of a Chapter 11 Plan of Reorganization; representing the LLC in litigation in the Bankruptcy Court, limited to bankruptcy law issues, and otherwise advising the LLC regarding its legal rights and responsibilities under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

    B.  <u>Monthly Operating Reports</u>

      One of the requirements of Chapter 11 cases, as you know, is a financial statement that must be filed EACH MONTH, called the Monthly Operating Report (the "MOR"). <u>The MOR is due by the 15th day of the *following* month.</u>

This will confirm that we have advised you that we do not prepare the MORs. That is the LLC's responsibility. Once the MOR is completed, the LLC will send it to us and we will upload it. That will be our only involvement. We will provide the LLC with the name of a person who regularly prepares MORs and the LLC can retain that person if it wishes. If the MORs are not accurate and filed on time, it is likely that the case will be dismissed on motion by the U.S. Trustee. This is very important. Please make sure the MOR is received in our office by no later than the 15th of each month.

If the LLC gets behind on the MORs or is generally not complying with the rules and regulations of the U.S. Trustee's Office, we will likely seek to withdraw from the case. The case will not be successful if the LLC does not file the MORs timely and accurately.

C.  <u>Plan of Reorganization</u>

As we understand it, the LLC is filing this Chapter 11 case to prevent a foreclosure sale of its real property so that it can maximize the value of this asset to effectively reorganize its debts. In addition, the LLC understands it must register as a foreign entity doing in business in California to avoid any issues surrounding its foreign (Nevada) LLC status.

D.  <u>What Services are Not Included</u>

As you are aware, the Firm limits its practice generally to insolvency and reorganization matters. Our employment as the LLC's reorganization counsel does not include appearances before any court or agency other than the Bankruptcy Court and the Office of the United States Trustee; litigation in any court, including the Bankruptcy Court with respect to matters that are, in the main case, disputes involving issues of non-bankruptcy law; or the provision of advice outside of the insolvency area, such as taxation, torts, environmental, labor, criminal, insurance, construction or real estate law. While we do represent people in appeals, this contract does not include that work.

The Firm strongly recommends that the LLC employ a tax professional in order to advise it concerning the tax issues, debt forgiveness and the tax consequences of confirmation of a Chapter 11 Plan of Reorganization generally.

E.  <u>Who the Firm Represents</u>

The Firm will represent the LLC only. The Firm is not permitted to represent any individual associated with the LLC, especially insiders. You should consider finding representation for you and other insiders personally for issues that may arise during the Chapter 11 case. The Firm is required to focus on LLC *only*. There may be times where your personal interests and those of the LLC are not the same. We are required to do what is best for the LLC and not for you personally. For that reason, you should consider retaining counsel for you personally.

## II.    FEES, COSTS, BILLS AND RETAINERS

A. Retainer

We have requested a $50,000 retainer to represent LLC in the Chapter 11 case which you paid us on June 7, 2021.  Of the retainer, $1,738 will be used to pay the case filing fee. You have represented to the Firm that this payment came from the LLC's funds, the ultimate source of which is the LLC's business capital to disburse.

The entire retainer fee will be placed into our client trust account.  In conformity with 11 U.S.C. §§ 330 and 331, we intend to file interim fee applications for allowance of fees and reimbursement of costs advanced.

We intend to draw down on the retainer as allowed by the Central District Local Bankruptcy Rules and the U.S. Trustee's Office.  This means we will prepare and file a professional fee statement at the end of each month and serve it as required.  If no creditors object and the LLC does not object, we will remove the amount of the fees for the month until the retainer is gone.   The total cost of the Chapter 11 case will exceed the retainer depending on how complex and litigious the case becomes.

B. Monthly Payments During the Case

The Bankruptcy Code does not permit the LLC to pay us *during the case* without the permission of the Court.  Further, we are only allowed to file fee applications once every four months.  We expect to file a fee application in this case on or about the end of the fourth month of the case.  The hearing on the fees will be about a month after that.  Once those fees are "allowed" by the Court, we expect the LLC to pay those fees on a monthly basis.

C. Final Fee Application

As we explained, the Bankruptcy Code provides that our fees be paid in full at the time the LLC's Chapter 11 Plan of Reorganization is confirmed unless we agree otherwise.  We often agree to payment of our fees over a year or two but reserve the right to require that the fees be paid in full on confirmation.   Should the LLC fail to pay the fees per the Chapter 11 Plan of Reorganization after the fees have been approved by the Court, the fees awarded but unpaid to date will come immediately due and payable and we will use the order granting the final fee application to enforce the LLC's obligation to pay us.

D. Fees as a Basis for Withdrawal from Representation

A Chapter 11 proceeding can be extremely expensive.  Fees in cases in which there is little to no conflict, that is, the creditors agree to the Chapter 11 Plan of Reorganization up front, often run $100,000 to $500,000.  After that, the process is similar to litigation meaning that the LLC will be making the decision whether to litigate some particular issue or settle.

We reserve the right to withdraw from the case if it appears to us that LLC will not be able to pay the fees for the litigation decisions it is making during the case.  We will seek your consent and it is not forthcoming, we will file an appropriate motion to

withdraw.  We will not withdraw prior to consent or order of the court approving the withdrawal.

E. <u>Computation of Fees</u>
We will charge the LLC for our professional services on an hourly rate basis.  We keep track of time spent on the case in tenths of an hour. The rates we will charge for this case for each attorney and paralegal are set forth at the end of this letter.

As you know, rates are negotiable and obviously the LLC may seek other counsel and discuss with others their rates and make its determination based thereon.

We reserve the right to raise the fees at other times after giving the LLC a month of notice.  We also reserve the right to add new staff and assign rates.

F. <u>Costs</u>
Costs are typically limited to filing fees and copying costs.

G. <u>Monthly Statements</u>
We will provide the LLC with monthly reports detailing our services.  On each bill, we will give the LLC specific details of the services rendered as well as the amount of time expended in providing these services.  We will discuss with the LLC in advance, where practicable, legal services to be performed on its behalf to determine the most efficient way to perform such service.

The statements have a lot of detail so they can be a little complicated to read. Please call the office if you have questions about them.  We are human and we do sometimes make mistakes so please CHECK OUR STATEMENTS and call if you believe is a mistake.

H. <u>Fee Estimates</u>
Due to the uncertainty regarding the nature, extent and outcome of the matters in which we will represent the LLC, we cannot predict the total amount of fees and expenses to be incurred, nor can we give you any assurance regarding the outcome of this engagement.

The California Rules of Professional Conduct do not allow us to give the LLC any guaranty about the outcome of the case.  Please call the office if you want a status report on your case.  Estimates *are* estimates.  They are not caps, limits or guarantees.  You can best control the fees and costs by carefully reviewing our monthly statements and by closely following the progress of your own case so that you know what is being done and why.  We will provide a monthly report to you setting forth the progress of the bankruptcy case.

I. <u>Fees Owed Upon Dismissal or Withdrawal</u>
If the Chapter 11 case is ultimately dismissed for any reason, the LLC will still owe the fees charged by the Firm up to that date.  The Firm will make demand on LLC to

4

pay those fees.  In addition, if the LLC chooses to replace us with other counsel or we withdraw from representation, the LLC will be responsible to pay those fees pursuant to the Bankruptcy Code.

## III.    <u>ATTORNEY/CLIENT RESPONSIBILITIES</u>

We can only do our job if you do yours.  You must provide us with telephone numbers, e-mail addresses, a mailing address and other contact information and keep that information current.  You must be available to talk with us on a regular basis.  <u>If you plan to be out of touch, you must let us know in advance.</u>   If we ask you for some information or copies of documents, you must provide us with the information or the documents within a reasonable period of time.  If you do not have the information or documents, you need to let us know this as soon as possible.

We will not withdraw from the case without either the LLC's permission or the permission of the Bankruptcy Court.  Under some circumstances, we are required to ask the permission of the court before withdrawing.

This contract is limited to the bankruptcy case.  It does not include any other legal matters or representing anyone else.  It also does not include any other type of legal advice.

This will also confirm that I have advised you that the attorney-client privilege may be limited by the bankruptcy proceeding.  This limitation would occur if the case were converted to Chapter 7.  At that point, the Chapter 7 trustee would be able to waive the attorney-client privilege and require me to disclose otherwise privileged conversations I had regarding this case<u>.</u>

Our representation of the LLC will end when the final decree is entered by the Court.  That happens when the Chapter 11 Plan of Reorganization is confirmed and LLC has substantially consummated the Chapter 11 Plan of Reorganization, which usually means it has begun making payments to its creditors under the Chapter 11 Plan of Reorganization.  We are willing to consider any legal representation the LLC may need after the final decree is entered however we will require a new retainer agreement and payment of the new fees on a monthly basis thereafter.

The LLC may discharge the Firm as its bankruptcy counsel at any time.  The Firm may withdraw at any time with the LLC's consent or for good cause shown without its consent.  Good cause includes, but is not limited to, its breach of this agreement, its refusal or failure to cooperate with the Firm or any fact or circumstances that would render the Firm's continuing representation unlawful or unethical.  Nothing contained herein shall prevent the Firm from making any appropriate motion to such court to withdraw as counsel should the Firm in its legal or business judgment determine that to be necessary or appropriate.

## IV.    **MISCELLANEOUS ITEMS**

This agreement covers this Firm's representation of the LLC in its capacity as a Debtor-in-Possession only.  If the case is converted to a Chapter 7 or dismissed, we will continue to represent LLC provided that a new fee arrangement is reached.

The laws of the State of California shall govern the validity, construction, enforcement and interpretation of this agreement.  This retainer agreement may only be amended in writing.  Should litigation be required regarding the terms of this agreement, the successful party shall be entitled to receive attorney's fees and costs.

We are going paperless so we will return to the LLC any papers which relate to its case.  If you want a copy of the LLC's file, we will give it to you on a disk. We recommend strongly that you keep the file for at least five years.

## V.    **CONCLUSION**

After you have read this letter, please call us with any questions you may have.  If this letter accurately sets forth our understanding, please sign it and return it to us by fax or email and then mail the original back to us.  Please advise us if you have any questions or comments about this retention letter.  As always, please do not hesitate to contact us if you have any questions with respect to any of these matters.

Very truly yours,

/s/ M. Jonathan Hayes

## **CLIENT STATEMENT**

I have read this letter consisting of seven pages and understand what it says.  I understand that I may consult with another attorney about this letter before I sign it.  I have received answers to every question I have asked and I wish to hire RESNIK HAYES MORADI LLP to represent me under the terms and conditions discussed in this letter.

Date:  7 - /5 - 2021                    By:  _____

**Sol  Shlomy**
**Weingarten**
*Managing Member*
**Pacific Panorama LLC**

6

**BILLING RATES 2021**

| | | |
|---|---|---|
| M. Jonathan Hayes | Partner | $525.00 |
| Matthew D. Resnik | Partner | $550.00 |
| Roksana D. Moradi-Brovia | Partner | $500.00 |
| Russell J. Stong III | Associate | $400.00 |
| David M. Kritzer | Associate | $350.00 |
| W. Sloan Youkstetter | Associate | $350.00 |
| Pardis Akhavan | Associate | $250.00 |
| Boshra Khoder | Associate | $165.00 |
| Rosario Zubia | Paralegal | $135.00 |
| Priscilla Bueno | Paralegal | $135.00 |
| Rebeca Benitez | Paralegal | $135.00 |
| Ja'Nita Fisher | Paralegal | $135.00 |
| Max Bonilla | Paralegal | $135.00 |
| Susie Segura | Paralegal | $135.00 |

# EXHIBIT B

### RESNIK HAYES MORADI LLP

Resnik Hayes Moradi, LLP is a boutique law firm with offices in Encino and Los Angeles.  The Firm has seven attorneys and seven paralegals.  The Firm represents debtors and creditors in all divisions in the Central District of California, and clients in all state courts in California.

Resnik Hayes Moradi LLP's three partners, who have more than 70 years of experience between them, have practiced together since 2012.  Each of the three partners is a Certified Bankruptcy Specialist, California Bar Association, Board of Legal Specialization. The four associates have more than 55 years of legal experience in a variety of areas of law.

The partners of the Firm have filed or overseen at least 4,000 consumer bankruptcy cases in the past 20 years.  The Firm has filed at least 250 Chapter 11 cases in the past eight years and confirmed more than 100 of those cases.

Resnik Hayes Moradi LLP specializes in the following areas of law:

| Individual Bankruptcy | Business and Corporate Bankruptcy | Bankruptcy Litigation - Creditor and Debtor |
|---|---|---|
| Civil Litigation in State and Federal Courts. | Loan Modifications | Appeals in State and Federal Courts |

Individual Bankruptcy includes:

- Chapter 7 liquidation
- Chapter 13 reorganization
- Chapter 11 reorganization for individuals
- Small Business chapter 11 cases under SBRA

Business and Corporate Bankruptcy includes:

- Chapter 11 reorganization
- Small Business chapter 11 cases under SBRA

Bankruptcy Litigation includes:

- Defending debtors in all types of litigation in bankruptcy court ("adversaries") including non-dischargeability actions, actions brought by trustees or the United States Trustee, motions for relief from stay and motions to dismiss.
- Evidentiary hearings, including but not limited to valuations of property and/or business related assets
- Representing creditors in many capacities including but not limited to non-dischargeability actions, objections to claims, motions for relief from stay and matters surrounding dismissal of a case.

**RESNIK HAYES MORADI LLP**

Civil Litigation in State and Federal Courts:

- Business and Partnership disputes
- Wrongful foreclosure actions
- Unlawful Detainers, landlord and tenant representation
- Debt Collection and Assignment for the Benefit of Creditors

Loan Modification:

- Including modifying the term of the loan or a reduction in the loan principal balance or modification of the interest rate to more favorable terms.

Appeals:

- All California courts
- All Federal Courts in the Ninth Circuit.

---

## Matthew D. Resnik, Partner

*Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization*

Office number (818) 285-0100
matt@rhmfirm.com

Practice Areas:

- Bankruptcy - Individual and Business
- Bankruptcy Litigation
- Civil Litigation
- Loan Modification

Education:
California State University at San Diego (B.A., 1992)
University of West Los Angeles School of Law (J.D. 1996)

Matthew Resnik is the managing partner at Resnik Hayes Moradi LLP. He directs the operations of the Firm and meets with most potential new clients.

Mr. Resnik has extensive experience in all aspects of bankruptcy as well as state foreclosure laws and loan modification laws. He has dedicated his legal career of more than 23 years to representing financially distressed individuals and businesses against their creditors. His

**RESNIK HAYES MORADI LLP**

reputation and excellent track record in consumer and business bankruptcy is widely recognized in Southern California.

Mr. Resnik has personally represented and overseen the bankruptcy cases of upwards of 4,000 businesses and individuals.  He has also represented creditors, landlords and others in bankruptcy and voluntary workout proceedings.   He is as familiar with the many details of the chapter 13 process as he is with complex business reorganizations.   Matt oversees every aspect of the firm's extensive chapter 13 practice.

Mr. Resnik has also prosecuted and defended many complaints to declare debts non-dischargeable, to deny the discharge and other bankruptcy related litigation matters.

Mr. Resnik has also represented many homeowners in wrongful foreclosure actions in state court as well as federal court.   He has extensive experience in civil litigation in real estate and other business litigation matters.

Mr. Resnik was nominated as a Super Lawyer in 2014, 2015, 2016, 2017, 2018, 2019 and 2020. He has been a panelist at numerous seminars especially relating to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Mr. Resnik is a member of the Central District Consumer Bankruptcy Attorneys Association ("CDCBAA").

Mr. Resnik is married and has three children.  He is very active in boys little league in Encino.

---

### M. Jonathan Hayes, Partner
_Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization_

Direct phone number (818) 933-2840
jhayes@rhmfirm.com

Practice Areas:

- Bankruptcy - Individual and Business
- Bankruptcy Litigation
- Appeals
- Mediations

Education:
Loyola University School of Law (J.D., 1977)
Loyola University (B.A., 1971)
Straus Institute for Dispute Resolution of the Pepperdine University School of Law, 30 hours (Certificate received 1995)

3

## RESNIK HAYES MORADI LLP

M. Jonathan Hayes concentrates his practice in bankruptcy and corporate - business litigation. He has represented many Chapter 11 debtors, businesses and individuals, and effected many successful reorganization plans.  Mr. Hayes' recent chapter 11 cases include representing an individual with $40 million worth of real property largely located in downtown Los Angeles, a chain of 28 retail clothing stores, an architectural firm, a clothing manufacturer with 110 employees, a specialty vodka manufacturer, six adult health care facilities, a 66 room hotel in Laguna Beach, a small trucking company, a medical clinic, a company that owed two Baskin Robbins stores, a former major league baseball player with $40 million in assets; a company which had 225 lawsuits pending against it on the date of filing being defended by the debtor's insurance company; a company which owned 20 oil wells; a company which owned a large hotel in Culver City which was sold during the case for $25 million, a "dot com" company; a Condominium Homeowners Association fending off a $9 million judgment creditor; a furniture manufacturing company ($4 million annual sales); a chain of carpet stores ($10 million annual sales); an employee leasing company ($30 million in annual sales); a wireless entertainment equipment sales company; a litigation attorney; a sunglass wholesaling company; a bait tank and machine shop; and a small commercial center.

From 2012 through mid-2019, Mr. Hayes has filed or otherwise taken-over approximately 143 chapter 11 cases including 112 cases for individuals primarily trying to save their homes and other real property.  In the past, he has represented three franchisees in the Econo-Lube bankruptcy filing adversary proceedings for each demanding more than $10 million in total and settling each successfully.  He represented the Creditor's Committee in the MiDici Pizza case, Lucy's LaundryMart and SBB Roofing chapter 11 cases.  He was lead counsel for the Creditor's Committee in the Breath Asure, Inc. Chapter 11 and the B.C. Oil, Inc. Chapter 11.

Mr. Hayes has prosecuted and defended about twenty-five bankruptcy appeals to the Bankruptcy Appellate Panel, the district court, and the 9th Circuit Court of Appeals.

Mr. Hayes has prosecuted and defended complaints to declare debts non-dischargeable, to deny the discharge and other bankruptcy related litigation matters.  He has defended several fraudulent conveyance actions brought by trustees in so-called Ponzi schemes.  He has filed many Chapter 7 for clients and has handled many bankruptcies that are commenced because of tax problems of the debtors.

Mr. Hayes has been a member of the panel of mediators of the Bankruptcy Mediation Program for the Central District of California since the program's inception in 1995.  He estimates that he has presided over at least 150 mediations in total.

In addition, Mr. Hayes
- is a Lawyer Representative to the Central District Judicial Conference, 2014 to present.
- is the past President, 2013 and 2014,  and a member of the Board of Directors of the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa").
- is the Director of the Bankruptcy Litigation Clinic at the University of West Los Angeles where law students from UWLA are used to help parties deal with litigation in bankruptcy court on a pro bono basis.

### RESNIK HAYES MORADI LLP

- is on the Board of Editors of the California Bankruptcy Journal since 2001.
- He was previously on the Board of Directors of the Los Angeles Bankruptcy Forum, 2013 to 2018.
- He was previously a member of the California State Bar Board of Legal Specialization, Bankruptcy Law Advisory Commission ("BLAC"), 2010 to 2018.  He was Vice-Chairman for the year 2016-2017 and Chairman for the year 2017-2018.  The BLAC prepares and grades the bi-annual examination for candidates for legal specialization and chooses those who are entitled to be certified.

Recent publications:
- "Small Business Chapter 11 update, where are we eight months in?" *Los Angeles Daily Journal*, October 26, 2020.
- "Congress, it's time to get rid of that stupid means test!"  *Los Angeles Daily Journal*, April 30, 2020.
- "Thinking out loud about the new Small Business Chapter 11," *Los Angeles Daily Journal*, November 27, 2019.
- "Lawyers are People Too," for the Central District Consumer Bankruptcy Attorneys Assn Newsletter.  Interviews with Paul Winkler, Dennis McGoldrick, Pat Green, Daniela Romero, Stella Havkin, Judge Maureen Tighe and Marcus Tiggs.

Recent Presentations:
- "Evidence in Bankruptcy Court," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), March 20, 2021 with Judge Barry Russell.
- "Discharge Violation Injunctions: *In re Marino* says the fine print doesn't save the creditor," Business Law Section of the California Lawyers Assn, November 17, 2020 with Leonard Gumport and Christopher Burke.
- "10 Things Every Lawyer Should Know About Bankruptcy in the Age of COVID-19," Solo and Small Firms Section of the California Lawyers Association, October 8, 2020 with Cathy Ta, Mike O'Halloran and Gary Rudolph
- "Fallout of Taggart's Test," July 9, 2020, National Association of Chapter 13 Trustees (NACTT) annual meeting with Christopher Hawkins, Atlanta, GA and Keith Rucinski, Chapter 13 Standing Trustee for the Northern District of Ohio
- "Day One: Retainers, Trust Accounts and Getting Started on the Right Foot," November 22, 2019, Federal Bar Assn of Los Angeles with John Sheller and Arthur Margolis
- "Chapter 7, Chapter 13 and the Stay - Oh My! Do Not Fear - the Bankruptcy Experts Are Here," March 22, 2019, 2019 Annual Association of Family Law Specialists Spring Seminar, with Judge Victoria Kaufman, Jeff Golden and Susan Luong
- "Recent Supreme Court Cases of Interest to Bankruptcy Practitioners," December 14, 2018, for the San Fernando Valley Bar Assn with Judge Alan Ahart (Ret.).
- Moderator of "5th Annual Consumer Bankruptcy Review" with five bankruptcy judges for Orange County Bar Assn, Commercial Law and Bankruptcy Section, October 23, 2018 at Chapman University, Fowler School of Law
- "Equal Access to Justice," for the Ninth Circuit Judicial Conference in Anaheim, CA, July 25, 2018 with Scott Bovitz and Michael O'Halloran

## RESNIK HAYES MORADI LLP

- "Automatic Stay and Discharge Injunctions Violations," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), June 9, 2018 with Raymond H. Aver and Christopher Burke.
- "Hiding in the Valley or Shouting from the Mountain – Debtor's Schedules and Full Disclosure," May 19, 2018, California Bankruptcy Forum Insolvency Conference with Ed Hays, Jenny Doling, and Hagop Bedoyan.
- The Sixth Annual James T. King Bankruptcy Symposium; "In re Taggart: the Supreme Court and Discharge Violations," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), September 7, 2019 with Daniel Geyser and Prof. Daniel Bussel, University of California Los Angeles School of Law.
- The Seventh Annual James T. King Bankruptcy Symposium; "Claim and Issue Preclusion: A Primer," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), September 12, 2020 with Judge Laura Taylor, Southern District of California and Judge Meredith Jury (Ret).
- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa")
  - on January 27, 2018 with Judge Julia Brand and Judge Charles Novack, Northern District of California.
  - On January 12, 2019 with Judge Neil Bason and Judge Christopher Klein, Eastern District of California.
  - On January 18, 2020 with Judge Julia Brand and Judge Christopher Klein, Eastern District of California.
  - On January 23, 2021 with Judge Neil Bason and Judge William Lafferty, Northern District of California.

On November 3, 2016, Mr. Hayes received the Hon. Thomas B. Donovan Excellence Award from the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"). The award is given for "excellence in writing or advocacy, service to the court or service to the bar." The award was presented to him at the annual Calvin Ashland Awards Dinner of the cdcbaa.

On June 21, 2012 and again on October 25, 2018, Mr. Hayes received the Hon. William J. Lazarow Award from Public Counsel and the Debtor Assistance Project for Outstanding Pro Bono Service to the Community.

In 2013, Mr. Hayes sat on the 9th Circuit Merit Selection Committee responsible for choosing candidates for the open judgeship position in the Riverside Division of the Central District of California. In 2014, Mr. Hayes sat on the 9th Circuit Merit Selection Committee responsible for choosing candidates for the open judgeship position in the Woodland Hills Division of the Central District of California.

Mr. Hayes has been an Adjunct Professor of Law at the University of West Los Angeles (previously University of LaVerne School of Law) for the past 30 years where he has taught Bankruptcy, Business Organizations, Contracts, Advanced Bankruptcy Issues, Commercial Law, and Taxation. Before that he was on the adjunct faculty of Whittier School of Law for four years. He maintains a blog directed primarily for his students at www.profhayesuwla.com. .

**RESNIK HAYES MORADI LLP**

Mr. Hayes is the author of three books entitled, "*A Summary of Bankruptcy Law*, Third Edition" published in December, 2016; "*Bankruptcy Jurisprudence from the Supreme Court*, Second Edition" published in 2016; and "*Melvyn 'Deacon' Jones: My 40 years with the Blues Legends*," published in 2004.  All are available on Amazon.com.

Mr. Hayes previously wrote a monthly column, "Judicial Profiles" for the San Fernando Valley Bar Association magazine, "Bar Notes," on judges in the San Fernando Valley.  He maintains a blog at www.centraldistrictinsider.com.  He was a regular contributor to the Supreme Court Corner at www.considerchapter13.org.

Mr. Hayes is married and has four children.  He has lived in Northridge for 36 years.

---

### Roksana D. Moradi-Brovia | Partner

*Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization*

Direct phone number: (818) 933-2843
Email: roksana@rhmfirm.com

Practice Areas:
- Bankruptcy - Individual and Business
- Bankruptcy Litigation

Education:
University of West Los Angeles – School of Law (J.D. 2009)

Roksana D. Moradi-Brovia has dedicated her legal career to representation of both individuals and businesses navigating through Chapter 7 and Chapter 11, and litigation arising in the bankruptcy context.

She has successfully confirmed 85 Chapter 11 Plans of Reorganization for both individuals and businesses, assisting her clients through the "rehabilitation" process at each step of the way. Recent Chapter 11 cases include representing a couple with 19 income producing real properties, a small trucking company, a jewelry store, a dental practice, a tortilla manufacturing business and an LLC which owns a 13-unit commercial building.  She routinely represents patient care ombudsmans appointed in healthcare bankruptcy cases.

Ms. Moradi-Brovia was nominated as a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, 2018, 2019 and 2020.

**RESNIK HAYES MORADI LLP**

She was the 2018 and 2019 *President* of the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa") and has been on the *Board of Directors* and the *Programs Chair* of the *cdcbaa* since 2013.

In May of 2019, Ms. Moradi-Brovia was elected to serve as an honorary member on the *Board of Directors* of the Los Angeles Bankruptcy Forum ("LABF"). In May of 2021, she was selected to join the LABF's Diversity, Equity & Inclusion Committee.

In July of 2019, Ms. Moradi-Brovia was elected to the *Board of Directors* of the James T. King Southern California Bankruptcy Inn of Court ("Inn"). In May of 2021, she was elected as the *Vice President* of the Inn for year 2021-2022.

Ms. Moradi-Brovia was the 2018-2019 *Chair* of the Commercial Law and Bankruptcy Section of the Los Angeles County Bar Association ("LACBA"), previously holding the positions of *Programs Chair, Secretary and Vice Chair;* she remains an active participant in the Section. She acted as *Chair* of the Debtor Assistance Project/*Pro Bono* Sub-Committee of the Bankruptcy/Commercial Law Section of LACBA from 2013 through 2017. Ms. Moradi-Brovia was the LACBA representative for the U.S. Bankruptcy Court for the Central District of California's Bar Advisory Board for 2017.

In December of 2019, Ms. Moradi-Brovia was selected by Chief Judge of the U.S. Bankruptcy Court for the Central District of California, Hon. Maureen A. Tighe, to the Court's *Small Business Reorganization Task Force* whose mission is to work to identify obstacles in the current system for small businesses in distress, perform outreach and education issues in the community and suggest edits to the Court's Local Rules as related to the new Small Business Reorganization Act.

In 2014, Ms. Moradi-Brovia was selected by the U.S. Bankruptcy Court for the Central District of California's Bar Rules Advisory Group as the *Working Group Chair* of the "Disclosure Statement in Support of Chapter 11 Plan of Reorganization," "Cash Collateral Motion," and "Budget Motion" committees working to revise the current versions of those Chapter 11 Individual Debtor forms.

Recent Presentations:

- "Bankruptcy Basics for the Non-Bankruptcy Practitioner" MCLE program for the LA Law Library on January 20, 2021, with Jeremy H. Rothstein.
- "Brace Yourself! The Shockwave Caused by the California Supreme Court's Decision in Brace, the Extent of its Impact on Bankruptcy Cases; Other Community Property Issues; and an Update on Recent Homestead Cases; Discussion of AB 1885/SB 832 Which Increased the California Homestead Exemption to as High as $600,000" MCLE program for the Inland Empire Bankruptcy Forum on September 10, 2020, with Chief Judge Margaret M. Mann, D. Edward Hays and moderated by Chapter 7 Trustee, Richard Marshak.

## RESNIK HAYES MORADI LLP

- "Business Bankruptcy 101: Chapter 11 Nuts and Bolts" MCLE program for Pincus Professional Education on July 21 and 23, 2020, with Steven R. Fox, Stella Havkin, David Samole, Jeffrey Best and Allison Day.
- "The Small Business Reorganization Act of 2019 - Subchapter V of Chapter 11" MCLE program for the National Association of Consumer Bankruptcy Attorneys on May 21, 2020, with Subchapter V Trustee Richard Cook, Dan Press and Brett Weiss.
- "Recent, Relevant and Riveting Ninth Circuit Bankruptcy Appellate Panel Cases" MCLE program for the San Fernando Valley Bar Association on October 11, 2019, with the Hon. Deborah J. Saltzman and Jessica Bagdanov.
- "Individual Chapter 11s: An Overview" MCLE program from the Orange County Bar Assoc. – Commercial Law and Bankruptcy Section on May 23, 2019, with the Hon. Neil W. Bason, Steven Fox, Stella Havkin, Peter Lively, Dennis McGoldrick and moderated by Ed Hays.
- "Key Consumer Cases from Around the Country" MCLE program for the San Fernando Valley Bar Association on March 22, 2018, with the Hon. Sandra R. Klein and Cassandra J. Richey.
- "Interesting, Important and All Consuming Opinions of Central District Bankruptcy Judges" MCLE program for the San Fernando Valley Bar Association on January 19, 2018, with the Hon. Victoria S. Kaufman and James Selth.
- "Consumer Potpourri" MCLE program for the San Fernando Valley Bar Association on May 12, 2017, with Dennis McGoldrick and Nina Javan.
- "Chapter 11: Essentials and Special Situations" MCLE program for Pincus Professional Education on November 4, 2016, with the Hon. Neil W. Bason, Steven R. Fox, Stella Havkin, Peter Lively, and Dennis McGoldrick.
- "9th Circuit Bankruptcy Appellate Panel Review" MCLE program for the San Fernando Valley Bar Association on October 28, 2016, with Katherine C. Bunker and Raymond H. Aver.
- "Elimination of Bias" MCLE program for the *cdcbaa* at Southwestern Law School on February 27, 2016, with Nancy B. Clark and Magdalena Reyes Bordeaux.
- "When is Conversion Kosher? Exploring the Hows, Whens, and Whys of Converting Cases from One Chapter to Another" MCLE program for the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa") at Southwestern Law School on February 8, 2014, with the Hon. Catherine Bauer and Jeffrey Hagen.
- "An Introduction to Adversary Proceedings" MCLE program for Public Counsel at the U.S. Bankruptcy Court – Los Angeles Division on July 11, 2013, with the Hon. Sandra R. Klein, and attorneys Magdalena R. Bordeaux and Roye Zur.

Publication: "The Section 1111(b) Election: A Primer," *California Bankruptcy Journal,* December 2011 (with M. Jonathan Hayes).

Ms. Moradi-Brovia volunteers regularly at Neighborhood Legal Services' Bankruptcy Self Help Desk and Public Counsel's Bankruptcy Self Help Desk and Reaffirmation Clinics. She also volunteers regularly at local high schools with Credit Abuse Resistance Education ("CARE") - a national, nonprofit organization providing students and young adults with the skills they need to make smart financial decisions.

**RESNIK HAYES MORADI LLP**

On September 10, 2014, Ms. Moradi received the Public Counsel Debtor Assistance Project *Pro Bono* award.

Ms. Moradi-Brovia received her Juris Doctorate from the University of West Los Angeles – School of Law in June of 2009 and was admitted to the State Bar of California and the United States District Court in December of 2009.  She was admitted to the Ninth Circuit Court of Appeals in 2013. While in law school, Ms. Moradi-Brovia had the privilege of externing for the Hon. Tracy Grant in San Pedro.  Ms. Moradi-Brovia was the Dean of the Delta Theta Phi Law Fraternity her last year of law school.

Ms. Moradi-Brovia immigrated to the United States when she was a child and is fluent in Polish. She is married and lives in Santa Monica.

---

**Russell Stong**
**Associate Attorney, Los Angeles Office**

Office phone number:  (213) 572-0800
russ@rhmfirm.com

Practice Areas:
- Bankruptcy - Individual and Business
- Bankruptcy Litigation

Education:
University of Southern California B.S. Business 1983
University of California Los Angeles Real Estate program 1986 to 1987
University of West Los Angeles School of Law 1994

Real Estate Brokers License 3/19/1988 to present
Real Estate License 1985 -1988

Member of the Central District Consumer Bankruptcy Attorneys Association ("CDCBAA")

Mr. Stong appears in bankruptcy court several times a week and has done so for the past 25 years.  He is especially adept in the chapter 13 and chapter 7 arenas where he helps individuals protect their homes, cars and other assets.  Russ is a highly respected advocate in court and enjoys using his quick oral advocacy skills in front of the Judges.  Russ is passionate about his client's rights, but commands the respect from his adversaries due to his outgoing personality and pleasant disposition.

Prior to working for Resnik Hayes Moradi LLP Russ represented financial institutions in fraud actions as a creditor's attorney.  This experience gives him insight into handling individual debtor

## RESNIK HAYES MORADI LLP

cases as he understands the mentality and approach of the creditor attorney.  Additionally, Russ developed a strong working relationship with other creditor attorneys, which helps ameliorate complex issues and provide alternatives for his clients. This experience also allowed Russ to argue matters in front of all the Central District Bankruptcy Judges, which enables him to know the patterns and practice of each Bankruptcy Judge.

Prior to becoming an attorney Russ practiced commercial real estate leasing/sales/marketing services including search analysis and lease negotiation. Representing both Landlord and Tenant interests from site location to final occupancy.

Russ passed the certified specialists exam in March 2020 to be a Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization.  He is awaiting the actual certification to be issued by the state bar.

---

### David M. Kritzer
### Associate Attorney, Encino Office

Office phone number:  (818) 285-0100
david@rhmfirm.com

Practice Areas:
- Bankruptcy Litigation
- Civil Litigation - all Federal and State Courts

Education:
Pepperdine University School of Law (J.D. 1993)
1992 - 1993 Moot Court Board - Co-Chair of 1993 Dalsimer Competition
1991 London Program Participant - Moot Court vs. London University

University of California, San Diego, Marshall (Third) College
Bachelor of Arts - Political Science - June 1990
Student Advocate Board, Associated Students - 1985 - 1987

David M.  Kritzer is the primary state court litigator at Resnik Hayes Moradi LLP with over 26 years experience in and out of the courtroom.  He is very active in all of the firm's litigation matters, regularly appearing in state and federal courts.  He has extensive experience in general business litigation, unlawful detainers, real estate litigation, general commercial and business financial litigation, debtor-creditor litigation, and judgment enforcement with significant discovery, law and motion and trial practice experience.

Mr. Kritzer is married and has three children.  He is very active in the Boy Scouts of America.

**RESNIK HAYES MORADI LLP**

# W. Sloan Youkstetter
## Associate Attorney, Encino and Los Angeles Offices

Office phone number:  (213) 572-0800
sloan@rhmfirm.com

Practice Areas:
- Bankruptcy - Individual and Business
- Bankruptcy Litigation

Education:
Southwestern Law School; Los Angeles, California - J.D. May 2011
University of San Diego; San Diego, California - Bachelor of Arts, Political Science, May 2007

Mr. Youkstetter joined Resnik Hayes Moradi LLP in 2020 after six years of experience with boutique bankruptcy firms in Southern California.  Sloan brings considerable experience to the Firm especially in the areas of chapter 7, 11 and 13.

Mr. Youkstetter was nominated as a Super Lawyers Rising Star in 2017, 2018, 2019 and 2020.

In November 2015, Mr. Youkstetter received the Public Counsel Debtor Assistance Project *Pro Bono* award.  He received the United States Bankruptcy Court - Central District of California's Certificate of Appreciation in 2014, 2015, 2016, 2017, 2018, 2019, and 2020 for his pro bono service.

Mr. Youkstetter is a member of the Central District Consumer Bankruptcy Attorneys Association and the James T. King Bankruptcy American Inn of Court.

In his last year of law school, Mr. Youkstetter externed with the County of Los Angeles District Attorney's Office in the Target Crimes Division (Crimes Against Peace Officers Unit and the Preliminary Hearings Unit).   He was a Certified Law Student that allowed him to conduct preliminary hearings in criminal court.

In the summer of 2005, Mr. Youkstetter interned for U.S. Representative Adam Schiff, 29th Congressional District.

Recent Presentations:

"The SFVBA Presents Tentative Opinions of the Woodland Hills Bankruptcy Court" MCLE program for the San Fernando Valley Bar Association on October 9, 2020, with Robert M. Aronson and Nicholas Gebelt.

**RESNIK HAYES MORADI LLP**

**Pardis Akhavan**
**Associate Attorney, Encino Office**

Office phone number:  (818) 285-0101
pardis@rhmfirm.com

Practice Areas:
- Bankruptcy chapter 7 and chapter 13

Education: University of West Los Angeles School of Law (J.D. 2017) Magna Cum Laude

Ms. Akhavan immigrated to the United States from Iran eight years ago.  She graduated from college in Iran and spent eight years working in the banking industry before coming to the United States.  Her first job here was as Administrative Manager of an insurance agency.  From there, she worked for Wells Fargo Bank as a teller and was soon promoted to a personal banker. She stayed with Wells Fargo Bank for three years until she decided to go to law school.  She graduated from UWLA School of Law in 2016 and passed the California Bar Exam on her first try.

Ms. Akhavan joined Resnik Hayes Moradi, LLP straight from law school in 2017.  She has quickly learned the technical and practical rules of the chapter 13 and chapter 7 practices.  She has already appeared in at least 100 chapter 13 confirmation hearings and more than 50 creditor's meetings in both chapter 13 and chapter 7.

Languages spoken:  Farsi

---

**Rozario Zubia**
**Paralegal, Encino Office**

Office phone number:  (818) 285-0100
rosario@rhmfirm.com

Education:  California State University Northridge, 1980s

Rosario was a bankruptcy paralegal for a bankruptcy specialist sole practitioner in Los Angeles from 1994 to 2004.  Rosario began as a paralegal for M. Jonathan Hayes in 2009.  She is also a licensed real estate agent in the State of California.  Rosario works closely with Mr. Hayes and Ms. Moradi-Brovia in the chapter 11 department.  She has significant experience with compliance required by the US Trustee's Office and with chapter 11 bankruptcy schedules.

Languages spoken: Spanish.

---

13

**RESNIK HAYES MORADI LLP**

### Ja'Nita Fisher
### Paralegal, Encino Office

Office phone number:  (818) 285-0100
janita@rhmfirm.com
Education: California State University Northridge, 2017 B.S. Business Management

Ja'Nita Fisher has been a paralegal with M. Jonathan Hayes since January 2012.

---

### Susie Segura
### Paralegal and Office Manager, Los Angeles Office

Office phone number:  (213) 572-0800
susie@rhmfirm.com

Susie has been a bankruptcy paralegal since 1999.  She worked for the Law Office of Claudia Phillips before she was hired by Matt Resnik in 2004.  She is very experienced in all aspects of consumer Chapter 7 and Chapter 13 cases.

Languages spoken: Spanish.

---

### Max Bonilla
### Paralegal, Los Angeles Office

Office phone number:  (213) 572-0800
max@rhmfirm.com

Education: Mt. San Antonio College (A.A. 2006)

Max was a paralegal with a personal injury firm for 4 years.  In 2009, he joined Simon & Resnik, LLP which later became Resnik Hayes Moradi, LLP in 2018.  He is especially knowledgeable with all aspects of Chapter 7 and Chapter 13.

Languages Spoken: Spanish

---

### Priscilla Bueno
### Paralegal, Encino Office

Office phone number:  (818) 285-0100
priscilla@rhmfirm.com

**RESNIK HAYES MORADI LLP**

Education: Mission College (A.A. 2011) studying for a paralegal certificate

Priscilla was a paralegal for a worker's comp and personal attorney for about five years. Then she worked for Bank of America in the trust department and later in the bankruptcy department. With Bank of America, she was involved with bankruptcy sales for Recontrust.    She joined Resnik Hayes Moradi LLP in April, 2017.  Priscilla is active in the firm's chapter 13 department.

Languages spoken: Spanish.

---

**Rebeca Benitez**
**Paralegal, Encino Office**

Office phone number:  (818) 285-0100
rebeca@rhmfirm.com

Education: University of Phoenix, B.S. in Criminal Justice, 2009
Los Angeles Mission College, 2001-2003

Beca has been a bankruptcy and litigation paralegal since 2005. She has extensive experience preparing bankruptcy petitions for all chapters, assisting attorneys with all motions typically found in consumer bankruptcy cases.  She also has extensive experience assisting attorneys with unlawful detainer litigation and general civil litigation in state and federal courts in the Los Angeles area.   Beca is active in the firm's litigation department.  She works hand in hand with Matt Resnik and David Kritzer and is also active with our consumer debtor clients.

Languages spoken: Spanish.

---

Offices:

17609 Ventura Boulevard, Suite 314
Encino, CA 91316
Main Line: (818) 285-0100
Facsimile: (818) 855-7013

510 West Sixth Street, Suite 1220
Los Angeles, CA 90014
Telephone: (213) 572-0800
Facsimile: (213) 572-0860

www.RHMFirm.com
www.CentralDistrictInsider.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

17609 Ventura Blvd., Suite 314, Encino, CA 91316.

A true and correct copy of the foregoing document entitled (*specify*): <u>APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY RESNIK HAYES MORADI LLP AS ITS GENERAL BANKRUPTCY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SHLOMY WEINGARTEN AND M. JONATHAN HAYES IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>7/15/2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) <u>7/15/2021</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>7/15/2021</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>7/15/2021</u> | <u>Ja'Nita Fisher</u> | <u>/s/ Ja'Nita Fisher</u> |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]**</u>:

- **M. Jonathan Hayes    jhayes@rhmfirm.com,
  roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com**
- **Dare Law    dare.law@usdoj.gov**
- **Zi Chao Lin    zlin@garrett-tully.com, dcameron@garrett-tully.com;aanim-appiah@garrett-tully.com;mdakinmurele@garrett-tully.com**
- **Aviv L Tuchman    atuchman@tuchmanlaw.net**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com**

2. <u>**SERVED BY UNITED STATES MAIL [CONTINUED]**</u>:

Hon. Julia W. Brand
U.S. Bankruptcy Court
Central District – L.A. Division
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

Pacific Panorama LLC
17000 W Sunset Blvd
Pacific Palisades, CA 90272